Argued 5 December, 1900; decided 7 January, 1901.

### POMEROY *v.* WOODWARD.

[63 Pac. 194.]

MORTGAGES — EFFECT OF DEFAULT ON INSTALLMENTS.

A provision in an installment mortgage permitting a foreclosure "in case default is made in the payment of the principal or interest" does not make the entire obligation due on the failure to pay any or all of the installments less than the whole. In case a foreclosure is commenced for nonpayment of some installments, it should be dismissed on payment of the overdue installments with interest, and accrued costs and disbursements.

From Marion: REUBEN P. BOISE, Judge.

Suit by Thomas Pomeroy against F. E. Woodward and others. From a decree for defendants, plaintiff appeals.

AFFIRMED.

For respondents there was a brief over the name of *Bonson T. Slater* and *Wm. M. Kaiser,* with an oral argument by *Mr. Slater.*

For respondents there was a brief over the names of *Bonham, Jeffrey & Martin,* with an oral argument by *Messrs. B. F. Bonham* and *Carey F. Martin.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is a suit to foreclose a mortgage given to secure the payment of an obligation dated September 15, 1894, whereby the defendants Woodward promised to pay the plaintiff the sum of $1,500, as follows: "Thirty dollars annually on the fifteenth day of September, 1895, 1896, and 1897, and fifty. dollars thereafter on the same date each succeeding year until his death." Other conditions are set out, but these are sufficient for the present purpose. The mortgage was executed at the same time, and contains a condition of this tenor: "Now, if the sum of money due upon said instrument shall be paid according to the agreements therein expressed, this conveyance shall be void; but, in case default is made in the payment of the principal or interest, as above provided, then the party of the second part, his executors, administrators, or assigns, are hereby empowered to sell the premises above described, with all and every of the appurtenances or any part thereof, in the manner prescribed by law, and out of the money arising from such sale to retain the said principal and interest, together with the costs and charges of making such sale; and the overplus, if any there be, shall be paid by the party making such sale, on demand, to the party of the first part, their heirs or assigns." The suit was instituted May 17, 1899, at which time defendants were in default in the payment of the three installments for 1896, 1897, and 1898; but on the eighth of June following they tendered to the plaintiff the full amount of all such installments, to-

gether with interest thereon, and the costs of the suit then accrued, and took the same into court with the answer, which was filed a few days later; thus keeping the tender good. It was decreed that the amount due upon the three installments and the costs of suit up to the date of the tender be paid to plaintiff, that defendants Woodward recover their costs and disbursements subsequently incurred, and that the suit be dismissed; from which decree the plaintiff appeals.

It is urged that the note and mortgage, having been executed contemporaneously, should be construed together as one instrument, and that, when so construed, the entire obligation became due and payable whenever there was a default or failure to pay any of the stipulated installments, and that a decree of foreclosure should have been entered, notwithstanding the tender of the defaulted payments in the meantime. The reasoning is that the mortgage ingrafted upon the obligation a new condition, in effect that, when an installment became defaulted, it rendered the entire obligation due and payable at once; so that, instead of three installments only being due at the time of the commencement of the suit, the whole debt was then due and collectible, and thus beyond the power of the debtors to relieve themselves of any default so as to prevent a foreclosure. There is no dispute but that a foreclosure may be had upon a default in any installment where an obligation is made payable by that method. The statute has so declared, and this court has interpreted it accordingly: Hill's Ann. Laws, § 421; *Capital Lumbering Co.* v. *Ryan,* 34 Or. 73 (54 Pac. 1093). The language of the mortgage is that, "in case default is made in the payment of the principal or interest, as above provided, then the party of the second part, his executors * * * are hereby empowered to sell * * * and out of the money arising from such sale to retain the said principal and interest," etc. We find nothing in this which may be construed into an agreement between the parties that the whole obliga-

tion shall at once become due and payable by reason of a default in meeting any installments thereof.    It authorizes foreclosure whenever there is a defaulted payment, but not because the entire sum has fallen due.    While the condition permits the plaintiff to retain the principal out of the proceeds of the sale authorized by the mortgage, the employment of this language was not intended to ingraft upon the principal obligation any new condition, and its effect is to authorize the retention only of such part of the principal as he would be entitled to under the law in case of sale.    The parties have apparently used the usual form of mortgage, and the condition referred to has never been held, so far as we are aware, to vary the legal import of the obligation it is given to secure.    Having made the tender of all installments due, with costs of suit, and paid the same into court before decree, the defendants are entitled to a dismissal as awarded by the court below:    Hill's Ann. Laws, § 422.

Another question was presented at the argument here, which arises upon the pleadings, but a decision thereof could have no bearing upon the one discussed; hence we have not undertaken to decide it.    The decree of the court below will be affirmed.                                         AFFIRMED.