LUTHER THOMPSON, Plaintiff
v.
ANN MARY THOMPSON, Defendant

Civil No. 6-1938

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

August 9, 1938

**HASTIE,** *Judge*

This action for foreclosure of a mortgage has been submitted on the pleadings. After the plaintiff commenced this action, the defendant tendered the admittedly overdue annual installment of principal and interest on the secured indebtedness, but the plaintiff refused the tender claiming that the entire debt had become due because of default in one installment. This question of acceleration is the only matter in dispute.

■■ It is a settled rule of the common law that default in one installment due under a mortgage does not in itself effect acceleration of future installments. Acceleration results only from express stipulation in the operative instrument. Here the plaintiff relies on a provision of the mortgage bond that ". . . in the event of default by any installment being thirty (30) days overdue, the mortgagee may, and is hereby authorized to proceed by foreclosure in accordance with the provisions of the Code." But such an authorization to foreclose when a single installment becomes overdue is not an acceleration clause. Language used by the Supreme Court of Oregon concerning a similar provision in a mortgage is applicable to this case. "The language of the mortgage is that, 'in case default is made in the payment of the principal or interest, as above provided, then the party of the second part, his executors . . ., are hereby empowered to sell . . ., and out of the money arising from such sale to retain the

435

said principal and interest,' etc. We find nothing in this which may be construed into an agreement between the parties that the whole obligation shall at once become due and payable by reason of a default in meeting any installments thereof. It authorizes foreclosure whenever there is a defaulted payment, but not because the entire sum has fallen due. While the condition permits the plaintiff to retain the principal out of the proceeds of the sale authorized by the mortgage, the employment of this language was not intended to ingraft upon the principal obligation any new condition, and its effect is to authorize the retention only of such part of the principal as he would be entitled to under the law in case of sale. The parties have apparently used the usual form of mortgage, and the condition referred to has never been held, so far as we are aware, to vary the legal import of the obligation it is given to secure. Having made the tender of all installments due, with costs of suit, and paid the same into court before decree, the defendants are entitled to a dismissal as awarded by the court below." Pomeroy v. Woodward et al., 38 Or. 212, 63 Pac. 194, 195.

The plaintiff contends further that he is aided by provision of the Code concerning foreclosure. Sec. 7 of ch. 41, of Title III (28 V.I.C. § 537), provides as follows:

"When an action is commenced to foreclose a lien by which a debt is secured, which debt is payable in instalments, either of interest or principal, and any of such installments is not then due, the court shall adjudge a foreclosure of the lien, and may also adjudge a sale of the property for the satisfaction of the whole of such debt, or so much thereof as may be necessary to satisfy the installment then due, with costs of action; and in the latter case the judgment of foreclosure as to the remainder of the property may be enforced by an order of sale, in whole or in part, whenever default shall be made in the payment of the installments not then due."

For purposes of the present case, it is sufficient to say that this section, far from giving the mortgagee a right, in the absence of an acceleration clause, to demand the entire debt when a single installment is overdue, recognizes and provides for the situation in which foreclosure will be had for the amount of a single installment.

■ ■ Thus, there is no basis in the common law, in the mortgage bond, or in the Code, for a claim of acceleration in the present case. The tender alleged in the defendant's answer covered the entire amount then due on the mortgage. However, court costs are properly chargeable against the defendant, because the tender was made after the filing of this action.

Upon payment of the overdue installment of principal and interest this action will be dismissed.