## WATER-WORKS COMPANY *v.* BARRET.

1. An order made by the court below, pursuant to the consent of parties, is binding upon them here.
2. A company who, under a contract with a city, was constructing water-works, executed a mortgage on them, to secure certain bonds and the coupons thereto attached, which stipulates that if the company shall fail, for the space of ninety days, to pay the coupons when they shall become due, provided such failure is not caused by the city under the contract, all of the bonds shall become due, and the lien of the mortgage may be enforced for the whole debt. Coupons remained due and unpaid for the specified period. *Held*, that the bill need not negative the failure of the city, but that such failure, if it existed, must be set up as matter of defence.

APPEAL from the Circuit Court of the United States for the Eastern District of Arkansas.

The facts are stated in the opinion of the court.

*Mr. Augustus H. Garland* for the appellant.

*Mr. U. M. Rose, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

The Little Rock Water-works Company, a corporation under the laws of the State of Arkansas, undertook to construct a system of water-works for the use of the city of Little Rock and the citizens of that city, under an ordinance passed by the city authorities.

In order to raise the money necessary to do this work the company issued its bonds to the amount of $80,000, the payment of which was secured by a mortgage on its entire works and property to Barret and Alexander, as trustees, who, on failure of payment of the semi-annual interest coupons, brought in the State court this foreclosure suit. In its progress it was removed into the Circuit Court of the United States, where a receiver was appointed to take charge of the property pending the litigation. The court rendered a final decree ordering a sale to satisfy the full amount of the bonds and coupons secured by the mortgage. This appeal was taken by the company.

Two errors are assigned:—

1. The appointment of a receiver.

2. The rendering of a decree for the amount of the bonds which by their terms are not yet due.

As regards the first assignment of error, it is sufficient to say that the record shows that the appointment of receiver was made by consent of parties, the attorneys of appellant being in court at the time. However other parties may complain of this act, and there were other parties, none of whom have appealed, the present appellants are bound by their consent in this court as well as in the court below, and cannot be heard to object to what they then agreed to.

As to the second error assigned, the counsel for appellant says, " The court will search in vain through the bill, two amended bills, and supplemental bill, to find any reason why the appellees should have a decree for the payment of bonds which will not be due for many years." Yet in the very body of the original bill is a long extract from the deed of trust on which the suit is founded, a part of which is in this language: " It is further agreed that in the event said party of the first part (the water-works company) shall fail for the space of ninety days to pay the semi-annual interest due on said bonds as and when the same may become due, or any of said annual instalments of the sinking-fund as and when the same may become due, provided that such failure is not caused by the said city of Little Rock under the contract aforesaid, after presentation and demand of the payment of said coupons, or after the demand of any instalment of said sinking-fund, then and in that event all of said bonds shall become due and payable, and the lien hereby created may be enforced for the whole debt." The bill shows that one set of coupons was due and unpaid over ninety days when this suit was begun, that others fell due during the litigation, and that the company was insolvent and the works going to ruin. A copy of the deed of trust is made a part of the bill by reference and is attached to it as an exhibit.

It is said, however, that it does not appear by any allegation of the bill that the failure to pay was not by reason of the fault of the city of Little Rock mentioned in the mortgage. It seems probable that the fault of the city, which might mitigate the failure of the company to pay its interest, so far as to prevent

the whole sum falling due for that failure, had reference to the money which the city had agreed to pay for the use of water in the public buildings and certain hydrants which were to be for public use.

If there was any such fault in the city it was matter of defence to be made out by the defendant, for the innocent purchaser of the bonds could not be supposed to know whether the city had paid as it should or not. No such case is made by the appellant. On the contrary, it appears that the appellant did not construct the works, but let out the job to Dennis Long and Samuel A. Miller; that by reason of their failure to do the work according to the contract of the company with the city, the latter refused to accept it, and the company sued Long and Miller for that cause and attached the work they had constructed, which suit was pending when the foreclosure suit began, the record of the former being made a part of the latter. It was obviously the fault of the appellant and not the city which caused the default in paying the coupons.

These are all the errors assigned, and they are not sustained by the record.

*Decree affirmed.*