## Charles G. Wheeler v. Nathaniel C. Foster.

1. Equity Pleading—*Allegations—Proof and Decree Must Correspond.*—A decree can not give relief which facts disclosed by the evidence would warrant, unless there are averments in the bill to which the evidence can be applied.

2. Same—*Forfeiture for Non-payment of Interest, Taxes, etc.*—In

a bill to foreclose a trust deed for the whole amount secured by it, because of a default in the payment of an installment of interest, the principal note not having by its terms matured, an allegation should be made that the holder of such note, or some one for him, had exercised the option conferred upon him by the trust deed and declared the principal sum to be due.

**Foreclosure of Trust Deed.**—Trial in the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Hearing and decree for complainant; appeal by defendant. Heard-in the Branch Appellate Court at the March term, 1899. Reversed and remanded with directions. Opinion filed April 11, 1899.

WHITEHEAD & STOKER, attorneys for appellant, contended that where there is no allegation in the bill under which any evidence is admissible, showing that the holder of the note had declared the whole amount of the principal note due, a decree directing the appellant to pay the same within the time limited, or that the premises be sold, is not supported by any allegation in the bill, and is erroneous.

Care should be taken in framing the bill that everything which is intended to be proved be stated upon the face of it; otherwise evidence can not be admitted to prove it. 1 Barbour Ch. Pr. (Sec. Ed.), 40, citing Gordon v. Gordon, 3 Swans. 472; Hall v. Maltby, 6 Price, 240; 18 Ves. 302; 6 Sim. 565.

A bill wholly insufficient to authorize the relief sought is never aided by proof. If the allegation of a bill that shows a want of equity is proved, the proof shows no more equity than the bill; and if the proof goes beyond such bill as establishes ground for relief, the relief can not be granted, because the allegations and proofs do not correspond. Chicago P. S. Ex. v. McClaughry, 148 Ill. 382.

It is a fundamental rule in equity that the allegations of the bill, the proof and the decree must correspond, and the decree can not give relief that facts disclosed by the evidence would warrant, when there are no averments in the bill to which the evidence can apply, and that if the evidence disproves the case made by the bill the complainant can not be given a decree upon the grounds disclosed by the proof, unless the court permits the complainant to amend

the bill so as to prevent the case described by the evidence. Dorn v. Gender, 49 N. E. Rep. 492.

Smith, Helmer, Moulton & Price, attorneys for appellee, contended that where a trust deed provides that on non-payment of any installment of interest or non-payment of taxes, etc., the whole debt may, at the option of the holder of the notes, become due and a foreclosure be had, a formal declaration of an election to declare the principal note due is unnecessary, and a suit brought or sale made upon such default is, *per se*, such an election and the exercise of the option need not be averred.

The mortgagee's proceeding to enforce the mortgage sufficiently shows his election.   Jones on Mortgages, Vol. 2, Sec. 1182; Harper v. Ely, 56 Ill. 179; Princeton Loan & Trust Co. v. Munson, 60 Ill. 371; Cundiff v. Brokaw, 7 Ill. App. 147.

When by the terms of a mortgage it has become due by default in the payment of interest before suit is commenced, it is not necessary that the bill should formally allege that the principal is due.   An allegation that no principal or interest has been paid is sufficient.   Beach's Modern Eq. Pr., Sec. 133; Bodine v. Gray, 24 N. J. Eq. 335.

Where a mortgage contained a condition that upon the failure for ninety days to pay the interest, the principal should become due, provided such failure was not caused by the fault of a third party, it was deemed sufficient to allege the default in payment of interest.   If there was any fault of a third party, it was a matter of defense to be made out by the defendant.   Water Works Co. v. Barret, 103 U. S. 516.

The bill sets out the mortgage as a part thereof, and alleges that under its provisions the taxes were to be paid by the defendants and their default in that regard.   This, we think, was sufficient under the general prayer for relief to authorize the entry of a decree for the taxes to be paid by the mortgagees *pendente lite* to protect the title to the property mortgaged.   Brown v. Miner, 128 Ill. 157.

If the bill had contained an allegation of the amount of

the tax lien, and that the same had been paid by complainant, it would not be subject to criticism; but the allegation in connection with the terms of the trust deed which is a part of the bill is, in our judgment, sufficient upon which to predicate the evidence of the payment of the $1,000 item embraced in the decree. Cheltenham Improvement Co. v. Whitehead, 128 Ill. 284.

MR. JUSTICE SHEPARD delivered the opinion of the court.

A question of pleading, only, is raised by this record. The bill was to foreclose a trust deed for the whole amount secured by it, the principal note not having by its terms matured, because of default in the payment of an installment of interest and certain taxes.

Concerning the right so to do, it was alleged that the trust deed provided that if default were made, and continued for thirty days, in the payment of any installment of interest, then the whole of the principal sum by said trust deed secured " should at once, at the option of the holder or holders of said principal promissory note, become due and payable without notice," etc., "and that thereupon the legal holder of said principal note, or said trustee for the benefit of such holder, should have the right to immediately foreclose said trust deed," etc.

And it was alleged that default was made in the payment of the interest due on the last preceding installment day, and in the payment of certain taxes.

The bill contained no allegation that the holder of the principal note, or anybody for him, had declared the principal sum to be due, or in any manner exercised the option conferred upon him by the trust deed.

Assuming, for present purposes, that it was sufficiently proved that the holder of the note did declare the whole of the principal due, does making such proof cure the defect in not averring the fact? Certainly not. " Nothing is better settled than that proofs without allegations are just as unavailing as allegations without proof." Bremer v. Canal & Dock Co., 123 Ill. 104; Detroit Stove Works v. Koch, 30 Ill. App. 328.

"It is a fundamental rule of equity pleading, that the allegations of a bill, the proof and the decree must correspond, and that the decree can not give relief that facts disclosed by the evidence would warrant, where there are no averments in the bill to which the evidence can apply." Dorn v. Geuder, 171 Ill. 362; Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372.

Appellee argues that bringing the suit was of itself an election by appellee, the holder of the note, to declare the principal sum due. That may be so, but the question is not one of fact or of substantive law. It is not whether in fact the principal was due or not at the filing of the bill. The question is merely what was averred in that respect. We decide only a rule of pleading, that a party can not aid his pleadings by his proofs, or, in other words, can not make a better case by his proofs than he has alleged in his bill.

The decree of the Circuit Court is reversed and the cause remanded, with directions to that court to permit appellee to amend his bill and make additional proof, if he shall be so advised and desire.

Reversed and remanded with directions.