Thomson, J.
This was a suit to foreclose a mortgage of real estate. The mortgage was executed on the 4th day of March, 1896, by Harry E. Barney, to secure the payment to Uriah McClancy of four promissory notes of the same date, executed by him, for the sum of $100 each, due respectively in one, two, three and four years, with interest at ten per cent per annum from date. The mortgage provided that upon the failure by the mortgagor in the performance of any of his covenants, promises or agreements, the entire sum represented by the notes should, at the election of the holder, become due and collectible — notice of the election being waived by the mortgagor — and the mortgagee, or his assigns, might proceed to a foreclosure for the purpose of satisfying and paying the entire indebtedness secured. The mortgage also provided for a reasonable attorney’s fee to be charged against the property in case of foreclosure. This proceeding was commenced on the 1st day of June, 1897 — sometime after the maturity and nonpayment of the first note — by M. J. McClancy, the assignee of the notes. Foreclosure was sought for the entire indebtedness. The Silver Spruce Ranche Company, a purchaser of the mortgaged premises from the mortgagor, was made a party defendant.
There was a demurrer to the complaint, which was overruled, and the defendant answered. The complaint was not very specific in its statements, but it was good after answer. It did not aver an election by the plaintiff to claim the entire amount as due and collectible, but the commencement of the suit, and the demand in the complaint of a decree of foreclosure for the entire amount, was a sufficient election. The answer averred a tender made, before the suit was brought, of the amount of the first note, that being the only one which, by its terms, was then due, and also put in issue other averments of the complaint. The replication denied the tender. *65 A decree of foreclosure was rendered, with, an order for a judgment for deficiency against the mortgagor. An attorney’s fee of $ 100 was allowed.
It appears from the court’s findings that evidence both oral and documentary was introduced at the trial. None of the evidence has been preserved. The findings are sufficient to support the decree, and we must presume that the proof warranted them. ,
The judgment is affirmed.

Affirmed.