# CAPLICE COMMERCIAL CO., Respondent, *v.* CASSIDY ET AL., Appellants.

### (No. 1,628.)

(Submitted February 5, 1901.   Decided February 11, 1901.)

*Mortgages — Foreclosure — Payment—Default—Interest— Pleading—Causes of Action—Demurrer—Dismissal as to One—Effect—Appeal.*

1.   Defendant' rightly demurred on the ground that two causes of action had been improperly united in the complaint; the court, at the instance of the plaintiff, without objection by the defendant, dismissed the complaint as to the second cause of action, and at the same time overruled the demurrer, and no costs were taxed to defendant.   *Held,* that the overruling of the demurrer, when considered with the dismissal, did not affect any substantial right of the defendant, and hence, under Section 778 of the Code of Civil Procedure, the judgment would not be reversed.

2.   Where a mortgage—given to secure two notes—provided that in case of default in the payment of the principal as provided in the notes, or any part thereof, or if the interest thereon be due and unpaid for 30 days, the mortgagee could consider the whole principal expressed in the notes as immediately due and payable, a complaint which alleged one of the notes to be due and unpaid would support a judgment for the full amount secured, though, at the time the complaint was filed, 30 days had not elapsed after default in payment of interest.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by the Caplice Commercial Company against Terence Cassidy and others to foreclose a mortgage.   From a judgment for plaintiff, defendants appeal.   Affirmed.

*Mr. J. E. Healy,* for Appellants.

*Mr. W. E. Carroll,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

From a final·judgment entered against them the defendants have appealed.   The plaintiff has neither filed a brief nor made an oral argument.   Counsel for the defendants presents two questions for consideration:

1.   The order for the trial court overruling the demurrer to the complaint is specified as error.   Two causes of action were stated, and the defendants demurred on the ground that the causes had been improperly united.   Without objection by the defendants and presumably at the instance of the plaintiff, the court dismissed the complaint as to the second cause of action and at the same time overruled the demurrer.   The demurrer was well interposed, for the causes of action were such as may not properly be united in the same complaint; but the dismissal of the action as to one of them removed the ground of objection made by the demurrer.   As it does not appear that the costs prescribed by Section 1861 of the Code of Civil Procedure were paid by or taxed to the defendants; and as the plaintiff, presumably before the decision on or even the submission of the demurrer, exercised the privilege of dismissing his complaint as to the second cause of action, and as an order thereafter made sustaining the demurrer and requiring the plaintiff to pay the costs prescribed by Section 1861, *supra,* would have been erroneous, manifestly the overruling of the demurrer when considered with the dismissal did not affect any substantial right of the defendants.   The judgment will not be reversed when it is clear that the error urged was of such character.   This is the rule declared in Section 778 of the Code of Civil Procedure and by *Murphy* v. *Patterson,* 24 Montana 591, 63 Pacific Reporter 380.

2.   The first cause of action was based upon two promissory notes made by the defendants Cassidy, the payment whereof was secured by a mortgage executed by the Cassidys simultaneously with the notes.   Defendant Rowan was made a party because he asserted some interest (subsequent and subject to the lien of the plaintiff's mortgage) in the property.   The relief sought was a judgment of foreclosure.   Each note was dated September 9, 1899, and was for the sum of $500, with interest thereon at the rate of 12 per cent. yearly from date until paid, interest payable monthly.   According to their terms one of the notes fell due on the 9th day of September, 1900, and the other

will mature on the 9th day of September, 1901. The mortgage contained these provisions: "But these presents shall be void if such payment be made; but in case default shall be made in the payment of the said principal sums of money, or any part thereof, as provided in said notes, or if the interest that may grow due thereon, or any part thereof, shall be due and unpaid for the space of thirty days after the same should have been paid, according to the terms of said promissory notes, then and from thenceforth, it shall be optional with the said party of the second part  *  *  *  to consider the whole of said principal sum expressed in the said notes as immediately due and payable, although the time expressed in the said notes for the payment thereof shall not have arrived; and immediately to enter into and upon, all and singular, the premises hereby granted, or intended so to be, and to sell and dispose of the same, or any part thereof, and all benefit and equity of redemption of the said parties of the first part,  *  *  *  according to law, and of the money arising from such sale to retain the principal and interest which shall then be due on the said promissory notes," —which were followed by the language usual in such instruments. The complaint was filed on the 11th day of September, 1900. It contains a copy of the mortgage and states that all of the interest on the notes had been paid up to and including August 9, 1900; that more than thirty days have elapsed after the interest accruing thereon should have been paid according to the terms of the notes, and that plaintiff has exercised the option given in the mortgage to consider the principal sums of the notes as immediately due and payable upon the default in the payment of the interest. The complaint further states that the note which matured on the 9th day of September, 1900, is due, owing and unpaid, and that the note which upon its face was to become due on September 9, 1901, is also unpaid; and the plaintiff declared the principal sums expressed in the notes as due and payable; the allegation was also made that payment of the notes was demanded but refused. The defendants did not in any way attack the statement of this cause of action;

the default of the defendants for want of further appearance
or answer having been entered, the court after hearing evi-
dence, found, among other things, that the defendants Cassidy
had made default in the payment of the notes, and that by the
terms of the mortgage both notes became due and payable on
the 9th day of September, 1900, and remained due, owing and
unpaid together with the interest thereon from August 9, 1900.
Judgment was rendered accordingly, declaring that the prin-
cipal sums of, and the unpaid interest accrued on, the notes, to-
gether with costs and counsel fees, were a valid lien upon the
property mortgaged, and directing that the property be sold to
satisfy the amount due to the plaintiff.

It is contended here that the complaint does not state facts
sufficient to warrant the finding that the note which by its terms
will fall due on September 9, 1901, was due by virtue of the
exercise of the option granted by the mortgage. In support
of this contention counsel argues that the note could not be
considered as mature under the terms of the mortgage until 30
days after the 9th day of September, 1900, the interest having
been paid up to and including the 9th day of August, 1900.
His position is that the interest must have been due and unpaid
for 30 days after it should have been paid, in order to permit
the holder of the note to consider the note as due. It is true
that the note did not become due by reason of any failure to
pay the interest, for the interest having been paid to August 9,
1900, the next payment was to be made on September 9th, and
not until 30 days had elapsed after the interest should have
been paid, to-wit, not before October 9th, could the plaintiff
for this reason declare the principal sum of the note to be due.
If this were all, counsel would be right; but he overlooks the
allegation that the note which matured on September 9, 1900,
was not paid. In legal effect the mortgage provided that if de-
fault should be made in the payment of the principal of either
note, or any part of either, as provided therein, then and thence-
forth the holder should have the option to consider the whole
of the principal sums of both notes as immediately due and

payable, although the time expressed therein for payment had not arrived; and the complaint alleges, as counsel in his brief concedes, that the principal sum of each note remained unpaid when the complaint was filed. One of the notes was due and payable on September 9, 1900. Failure to pay the principal thereof at maturity was, by the terms of the mortgage, sufficient cause for the holder to consider both notes as immediately due. The thirty-day period was applicable to a default in the interest, but not to the failure to pay the principal of the note first maturing; this is manifest. At the time the complaint was filed one of the notes was due and its principal sum wholly unpaid; the plaintiff had the right to consider the other note as immediately due and payable, and this right or option it exercised and declared by demanding payment of both notes and by commencing this action.

The judgment is affirmed; let *remittitur* issue forthwith.

*Affirmed.*