NICHOLSON *et al.* v. MIDLAND SAVINGS & LOAN CO. OF DENVER, COLO.

No. 2095, Okla. T.    Opinion Filed June 25, 1908.

(96 Pac. 747.)

JUDGMENT—Vacation of Void Judgment. Where the judgment is void, the same should be set aside and vacated on motion of the defendant.

(Syllabus by the Court.)

*Error from District Court, Noble County; B. T. Hainer, Judge.*

Action to quiet title by K. P. Nicholson and others against the Midland Savings & Loan Company of Denver, Colo. Judgment for defendant, and plaintiffs bring error. Affirmed.

On the 19th day of November, 1903, the plaintiffs in error as plaintiffs instituted an action in the district court of Noble county, territory of Oklahoma, to quiet title to certain real estate located in the city of Perry. Affidavit for service by publication was made by H. C. Nicholson, one of said plaintiffs in said case, on said day, and filed with the clerk of said court, and in said affidavit deponent stated that the defendant was a foreign corporation, a nonresident of said territory, and had not complied with the law by designating a person on whom to serve process in Noble county, Okla. T., and had no office or place of business in said county, and that its codefendant, N. Q. Danquary, is a nonresident of said territory, and does not reside therein, and that plaintiff with the exercise of due diligence was unable to procure service upon said defendants or either of them in the

territory of Oklahoma. Deponent further stated that plaintiffs had filed with the clerk of said court their petition asking for the cancellation of one certain bond and obligation and deed of trust in the nature of a mortgage given to the said defendants on February 1, 1898, for the sum of $400, with interest in favor of defendants, and executed by the plaintiffs upon certain lots located in North and West Perry, in Noble county. Notice was duly issued on said affidavit and published in the Perry Republican, a daily and weekly newspaper published in the city of Perry, in said territory, for four consecutive weeks, beginning with the 20th day of November, 1903. On the 23d day of January, 1904, a decree was rendered by said court in favor of said plaintiffs against said defendants for the relief prayed for. Thereafter, on the 31st day of January, 1906, defendants appeared specially and moved the court to vacate and set aside the said decree on the ground that the same was void, which was granted.

*Doyle & Cress*, for plaintiffs in error.
*H. B. Martin*, for defendant in error.

WILLIAMS, C. J. (after stating the facts as above). The affidavit for service on the defendant, the Midland Savings & Loan Company, a foreign corporation, failing to allege that it had not complied with the requirements of the law permitting foreign corporations to do business in said territory, by designating an agent (and continuing such designation in force) upon whom service could be had, the judgment rendered thereon was void. *Nicoll v. Midland Savings & Loan Company of Denver, Colo., ante,* p. 591, 96 Pac. 744. The publication service herein does not state the facts necessary to show that due diligence was exercised to obtain service upon the defendant.

The judgment rendered thereon being void, the judgment of the lower court is affirmed.

All the Justices concur.