NILS BENSON

*v.*

CHARLES REINSHAGEN et ux.

[Decided March 23d, 1909.]

1. Receipts, written by the mortgagor and signed by the mortgagee, acknowledging payments on the mortgage debt, must be taken most strongly against the mortgagor in determining whether they were for payments on the principal or interest.

2. A debtor may direct the application of payments, and if the creditor receives the money he is bound to apply it as directed, though he does not assent to such application.

3. Where the debtor fails to direct the application of payments, the creditor may appropriate them as he desires.

4. The court can only apply the money where the debtor and creditor fail to direct its application to a particular indebtedness.

5. Where the creditor is entitled to appropriate payments on the indebtedness, on the debtor's failure to do so he may make the appropriation at any time before a controversy arises between them as to its appropriation.

6. In a suit to foreclose a mortgage for default in payment of interest alleged to have accrued April 1st, it was unnecessary to amend the complaint so as to allege a default on July 1st, when it in fact occurred.

*Mr. William B. Mackay,* for the complainant.

*Mr. Charles B. Bradley* (of *Collins & Corbin*), for the defendants.

GARRISON, V. C.

This·is an action to foreclose a mortgage which originally was $1,000, and was made on the 1st of April, 1907, with a proviso that the interest was to be paid quarterly together with $75 of principal.

There is no provision that the mortgage may be foreclosed upon non-payment of the installments of principal; there is such a provision with respect to the non-payment of the installments of interest.

The allegation of the bill filed August 8th, 1908, is that the installment of interest due April 1st, 1908, was not paid, and for that default the whole principal is declared due and the bill filed.

The testimony is uncontradicted that an installment of $75, being up to July 1st, 1907, was paid; another installment, being up to October 1st, 1907, was paid; that interest in the sum of $15, being up to July 1st, 1907, was paid; and interest in the sum of $13.87, in full up to October 1st, 1907, was paid. From this point on the disagreement between the parties ensues.

It is uncontradicted that thereafter there were three payments made of $25 each, on April 18th, June 15th and July 4th, 1908. The complainant testified that upon each of the occasions when these sums were paid him it was stated that they were on account of principal. The male defendant testifies that when the April payment was made he stated that he wanted to pay the interest up and would figure what that was and pay it to the mortgagee, and that the mortgagee said he wanted $25 and just to pay it to him, and he paid it to him, the defendant having the idea that he was paying the interest. His wife says that conversation took place in June on the occasion of the second payment, and not in April at the time of the first payment. According to her testimony the mortgagee did not understand about the matter at all. Her husband, however, stated that he did want to pay the interest. I am inclined to think that some conversation took place between these parties at that time concerning how much was due for principal and how much was due for interest, and that no clear understanding was had by either of them as to what this payment was to cover. I think, probably, the male defendant, the mortgagor, had the idea that it would

pay the interest, and that anything over would go on account of principal, but I doubt very much whether he stated it in such a way as to have the complainant understand it, and I do not believe that the complainant did so understand it.

Thereafter, as I have stated, two other payments were made, one in June and one in July, and each for $25, and the receipts in each instance are practically the same. They were written by the male defendant and signed by the complainant. In each instance they recite the receipt of $25 as "payment on house."

Since these receipts were written by the mortgagor, they, of course, must be taken most strongly against him, and it is quite significant that not one word appears in any of these receipts about interest, although in the earlier receipt of July 5th, 1907, where interest was paid, it is specifically mentioned, and it is also significant that the June, 1908, receipt, which is recited to be "payment on house," was paid at a time when, according to the defendant, there was no interest due, but he used the same language, namely, "payment on house," that he used in the receipt of April 18th, 1908, which he says was practically wholly for interest and not any part of it "payment on the house" or payment on the principal of the mortgage.

The law undoubtedly is that the debtor may direct the application. *2 Am. & Eng. Encycl. L. (2d ed.) 435;* and if the creditor receives the money, even though he does not assent to such application, he is bound to make it if he receives the money under such direction. *Idem 448.*

Giving the defendants the fullest benefit of their testimony, this would result in requiring the complainant here to give the defendants credit on account of interest for the $25 paid on the 18th of April, 1908. At that time, as I carry the figures, the situation was as follows: The principal sum had been reduced $150, leaving still due $850. At the time of this April payment there were two back installments of interest, each of which amounted to $12.75. Without figuring interest on the first one of these, there was due on account of interest on the 1st of April, 1908, these two installments amounting to $25.50. Since he paid $25 which is to be credited to interest, he owed still fifty cents for interest and $150, being two installments of $75 each,

on account of principal. On the 15th of June he makes a payment of $25. Since, leaving out the fifty cents of unpaid interest, no interest was due at that time, this would be necessarily credited to principal, there being installments of principal due.

The next payment is on the 4th of July, 1908. At that time the defendants owed fifty cents still on interest due April 1st, 1908, the quarterly interest on the unpaid principal due July 1st, 1908, and three installments of $75 each on account of principal, less the credit of $25 paid June 15th, 1908, making $200 in all of principal.

The male defendant's own testimony is that at the time of the July payment nothing whatever was said by him as to how this should be credited, and there is no testimony by any witness on behalf of the defendants of any direction or suggestion on behalf of the defendants as to how this payment made on July 4th, 1908, should be credited. The receipt given at that time is,. as has been stated, "payment on house."

The complainant testifies squarely and unequivocally that it was stated to be for principal; that is, on account of the unpaid installments of principal.

The complainant undoubtedly did appropriate this payment on account of principal.

In his bill filed August 8th, 1908, he specifies the first default in interest as occurring on April 1st, 1908; but at the time of filing the bill another default had occurred more than thirty days previously, namely, upon the interest due July 1st, 1908.

With respect to the April period I have, as above stated, given the defendants the fullest benefit of their testimony and have held that that should be credited as interest, so that there was no default at- that time. But there was a default of the interest due July 1st, 1908, the payment made on July 4th, 1908, as above stated, not having been appropriated in any manner by the debtor and having been appropriated by the creditor to the unpaid installments of principal.

Since the debtor entirely failed to give any direction or suggestion as to the appropriation of this payment it was within the right of the creditor to appropriate. *2 Am. & Eng. Encycl. L. (2d ed.) 437,* and the following New Jersey cases dealing

with the principle involved: *White* v. *Trumbull* (*New Jersey Supreme Court, 1836*), 15 *N. J. Law* (*3 Gr.*) *314, 318;* *Terhune* v. *Colton* (*Court of Errors and Appeals, 1857*), 12 *N. J. Eq.* (*1 Beas.*) *312;* *Edwards* v. *Derrickson* (*Supreme Court, 1859*), 28 *N. J. Law* (*4 Dutch.*) *39* (at p. 67) ; *Oliver* v. *Phelps* (*Supreme Court, 1843*), 20 *N. J. Law* (*Spenc.*) *180* (at p. 197) ; *Turner* v. *Hill* (*Vice-Chancellor Grey, 1897*), 56 *N. J. Eq.* (*11 Dick.*) *293.*

The defendants suggested that this was a case in which the court should appropriate the payments, but the rule is that the court will only make the application where neither party has appropriated it. *Terhune* v. *Colton, supra* (at p. 320) ; *2 Am. & Eng. Encycl. L.* (*2d ed.*) *447.*

Since I find that the debtor did not appropriate this July payment, nor give any suggestion nor direction with respect to it, the law permitted the creditor to make the appropriation. Before any controversy arose between the parties he did make such appropriation, and determined to appropriate it to the unpaid installment of principal. This was his right, and he made his appropriation within time, the rule being, as stated in *Terhune* v. *Colton, supra,* that the creditor may make such appropriation at any time prior to a controversy arising. *2 Am. & Eng. Encycl. L.* (*2d ed.*) *446.*

The result is that the defence fails and the complainant is entitled to a decree.

If technical precision is better obtained by so doing, the complainant may now amend his bill by specifically setting up a default with respect to the payment of interest due July 1st, 1908. The presence or absence of such a charge, however, does not, in my view, affect the substantial merits in the least.