## H. D. ALBRIGHT v. B. WARKENTIN.

1. JUDGMENT *Ought to have been Opened.* A judgment was obtained upon service by publication alone, and without any appearance of the defendant. Within three years therefrom defendant applied under § 77 of the code, to open up the judgment and be let in to defend. He gave notice of his application, and plaintiff appeared in response thereto. He filed an answer containing a full defense; also an affidavit that he had a good defense, and that he had no personal knowledge whatever of the pendency of the action until after the judgment. There was no counter testimony. *Held,* That defendant's application should have been sustained; that the trial court had no discretion to refuse it; and that for the purposes of said section an averment that defendant had no personal knowledge whatever, is equivalent to one that he had no actual notice.

2. JUDGMENT, *Right to Open, Not Lost by Delay.* After the making of such application, and within the three years, plaintiff appeared and moved for a continuance of the hearing in order to enable him to obtain counter testimony on the question of notice. The motion was granted, and in consequence thereof the hearing of the application was not had until after three years from the judgment. *Held,* That the delay did not deprive defendant of his right to have the judgment opened.

*Error from Harvey District Court.*

ACTION by *Warkentin* against *Albright,* to quiet plaintiff's title to certain lands in Harvey county. The only service made was by publication, and defendant made no appearance in the action. Judgment for plaintiff at the March Term, 1878. August 28, 1882, the court refused to open the judgment and let the defendant in to defend. This ruling he brings here. The opinion states the facts.

*M. V. Sweesy, Greene & Shaver,* and *J. W. Ady,* for plaintiff in error.

*John Reid,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On March 20, 1878, defendant in error obtained in the district court of Harvey county a judgment

against plaintiff in error, quieting his title to certain real estate in said county. The only service made was by publication, and there was no appearance on the part of defendant. On March 9, 1880, the defendant filed his motion, answer and affidavit, asking to have said judgment opened, and he be permitted to defend. Notice was duly served on plaintiff. In October, 1880, the plaintiff filed his affidavit for the continuance of the hearing of the application, in order that he might obtain testimony to show that defendant had notice prior to the judgment, and thereupon the court on this application granted the continuance. On June 3, 1881, the plaintiff moved to strike from the files the affidavit and answer of the defendant, on the ground that neither was verified as required by law. This motion was overruled, and thereupon, on application of the defendant, leave was given to him to file an amended application within sixty days. After the expiration of the sixty days, and on the 6th of August, 1881, defendant, showing reasons for his delay, obtained leave to file such amended application at any time before the 10th of August, and before that time filed an amended affidavit and answer. Thereafter, on the 28th of August, 1882, the application coming up for hearing, the court refused to open the judgment and to let the defendant in to defend. Upon this ruling the defendant comes to this court.

This application was made under § 77 of the code, which provides that "a party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may at any time within three years after the date of the judgment or order have the same opened, and be let in to defend." By this section, three things are required: First, that the applicant give notice; second, that he file a full answer, and if required by the court, pay all costs; and third, that he make it appear to the satisfaction of the court by affidavit that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. Now the original application fully complied with all these requisites. It was filed within three years —

in fact, within two years. Notice was given. No question is made as to its sufficiency, and indeed cannot be, for if there was any defect in it, it was waived by the appearance of both parties in court. The answer contained a full defense, showing that the defendant was the actual owner of a one-twelfth interest in the land. His affidavit alleged positively that he had no personal knowledge whatever of the pendency of said suit until after the rendition of judgment. The objection to this affidavit is, that it states that defendant had no personal knowledge, while the language of the statute is, that he had no actual notice. The subsequent affidavit uses the language of the statute, but we think the original affidavit sufficient, and that an allegation of a want of personal knowledge is for the purposes of this section equivalent to an allegation of a want of actual notice.

Counsel for defendant in error contends that the trial court has a wide discretion in applications of this kind, and that as the statute requires that the defendant make it appear to the satisfaction of the court that he had no actual notice, that when such court denies the application we must presume that he was not satisfied, and have no means of determining from the record that he was in fact satisfied. To use his own language:

"This requirement of the statute seems to lodge a discretion in the breast of the trial judge which is not subject to the control of this court, and may only be questioned when its abuse is alleged. The ruling which the court made is equal to a finding that it was not satisfied, and we can conceive no method by which this court can say that the court below was satisfied."

We do not agree with counsel in this view of the statute. We think the rule correctly stated by Mr. Justice Maxwell, of the supreme court of Nebraska, in his work on Pleading and Practice, 3d ed., page 68, as follows: "The application may be made as a matter of right, and when a party brings himself clearly within the statute the court has no discretion in the matter, but must grant the application." (See also *Beckwith v. Douglas*, 25 Kas. 235.) The statute, it is true,

says that the court must be satisfied; but it also provides that it is to be satisfied by affidavit; and we can examine the affidavit as well as the trial court and determine whether it was such as ought to have satisfied, and if it ought we must hold it sufficient. Indeed, in order to do justice to both parties, the provisions of that section should be construed in no technical way, but fairly and reasonably. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can be possibly done consistent with the rights of other parties. The section provides ample protection to third parties dealing with property on the faith of the judgment, and the plaintiff certainly has no right to complain if within a reasonable time, which by statute is fixed at three years, the defendant demands an opportunity of litigating with him the justice of the claim. In fact, a judgment upon service by publication is as between the parties in the nature of a conditional judgment, one which becomes final and absolute only at the expiration of three years, and liable in the mean time to be opened whenever the defendant brings himself within the provisions of the section. We think therefore that the original application was sufficient; and being sufficient, the defendant had a right to have the judgment opened and be let in to defend. But further, the original application having been filed within time, and such as unquestionably to challenge the consideration of the court, it had, under §§ 106 and 139, the right to permit amendments of the application.

Again, it is insisted by counsel for defendant, that, as no final action was taken by the court on the application until after the lapse of three years, the right to open the judgment was lost, and this irrespective of the question of the sufficiency of the application. It will be remembered that the question was presented to the court at the October term, 1880, a time within three years, and then on the application

of the plaintiff continued to the succeeding term, in order to enable him to obtain testimony showing that defendant did have actual notice. Now we do not think that such continuance, made at the instance of the plaintiff, prevented subsequent action on the application. The application was made in time, and defendant could not be deprived of his right by any action of the court, continuing the hearing at the instance of the plaintiff.

Only one other matter requires notice. It was suggested in the oral argument that the record failed to show that it contained all the evidence on the hearing of the application, and hence that this court could not say that it was not shown by affidavit that the plaintiff did have notice prior to the judgment, the right to make such showing being given in said section. But on examination of the certificate of the judge signing the case-made, we find that he settles and signs it as containing all the evidence and proceedings had in the cause. This objection therefore also fails.

We have not noticed what is said by counsel in reference to an accounting between partners and a probable negligence of defendant in respect to the affairs of the partnership, for the question now before us is not what ought to be done when the case is finally presented, but whether the defendant has a right to be heard. Our conclusion therefore is, that the court erred, that its order and judgment must be reversed, and the case remanded for further proceedings.

All the Justices concurring.