HENRY D. CARR, *as Executor of the Last Will of Elijah Osterhout*, v. SARAH OSTERHOUT.

COSTS—*Further Security, When not Required.* Where the plaintiff in a suit in the district court, a resident of the county in which suit is brought, before the issue of a summons deposits with the clerk of the court the sum of fifteen dollars as security for costs, pursuant to § 580*a*, chapter 80, Compiled Laws of 1879, neither he nor his legal representatives or successors in interest can be required to make any further deposit, or give any further or other security for costs in that suit in that court.

*Error from Shawnee District Court.*

JANUARY 28, 1884, the district court made an order dismissing the case of *Henry D. Carr*, as executor of the last will of Elijah Osterhout, deceased, v. Sarah Osterhout, without prejudice to a future action. This order the plaintiff brings here for review. The opinion states the facts.

*Welch, Lawrence & Welch*, for plaintiff in error.

*E. N. Gunn*, for defendant in error.

The opinion of the court was delivered by

HURD, J.: Elijah Osterhout, now deceased, on the 8th day of March, 1883, commenced this suit against the defendant in the district court of Shawnee county, and before the issue of the summons deposited with the clerk of said court, as security for costs, the sum of $15. Osterhout was then, and remained a resident of Shawnee county, up to the time of his decease. He died December 19, 1883. His last will was soon after proved and admitted to probate, and this plaintiff in error, Henry D. Carr, who then was and has since been a resident of Shawnee county, was duly appointed executor of his will. He qualified as such executor, and has ever since been acting. On January 8, 1884, the death of Elijah Osterhout was suggested to the court below, and on motion of Carr, plaintiff in error, the action was, by order of the court, revived in his name, as executor of the last will of Osterhout, as plaintiff.

On January 12, 1884, the court below, on motion of the defendant, ordered the plaintiff to give security for costs in this action within ten days. The security was not given as directed by said order, and the defendant made her motion to dismiss the suit for disobedience to the order. This motion was heard on January 28, 1884, and the order of the court, in the words following, was made and entered:

"H. D. Carr, the present plaintiff in the action, having refused and still refusing to comply with the order of this court heretofore made in this action, requiring him to give security for the further prosecution of the same, and the parties both now appearing by counsel, upon defendant's motion it is now here by the court ordered that this action be and the same is hereby dismissed without prejudice to any future action, because of the disobedience and refusal of the said plaintiff to comply with the orders of the court made as aforesaid."

The plaintiff below, the plaintiff in error here, made his case for the supreme court, which was settled and signed, and brings his petition in error in this court.

The plaintiff in error contends that the deposit of $15, at

the time of the commencement of the suit and before the summons was issued, was all the security for costs that could be required in this case; that there is no statute authorizing the court below to dismiss the case for want of security for costs after such deposit had been made. The solution of these questions requires an examination of the statute relative to security for costs.

Chapter 80, article 23 of the General Statutes of 1868 provides (§ 581) that in all cases where the plaintiff is a non-resident of the county in which an action is to be brought, "the plaintiff must, before commencing such action, furnish sufficient surety for costs;" and then provides the manner of giving the surety and the effect of it:

"SEC. 582. An action in which security for costs is required by the last section and has not been given, shall be dismissed on the motion and notice by the defendant, at any proper time before judgment, unless in a reasonable time, to be allowed by the court, such security for costs be given.

"SEC. 583. If the plaintiff in an action, after its commencement, becomes a non-resident of the county in which it is brought, he shall give security for costs, in the manner and under the restrictions provided in the two preceding sections.

"SEC. 584. In an action in which security for costs has been given, the defendant may at any time before judgment, and after reasonable notice to the plaintiff, move the court for additional security on the part of the plaintiff; and if on such motion the court be satisfied that the surety has removed from this state, or is not sufficient, the action may be dismissed, unless in a reasonable time, to be fixed by the court, sufficient security be given by the plaintiff."

These were all of the sections of the statute in force prior to the statute of 1875, hereinafter referred to, relating to security for costs on the commencement of suits, or during their progress to judgment, and all relate to suits brought and prosecuted by non-residents of the county in which such suits were commenced, or who became non-residents while suit was pending; and until the passage of the last-mentioned act, a resident of the county in which suit was brought was in no case required to give security for costs.

On March 1, 1875, (Laws of 1875, page 182,) the legislature passed an act entitled "An act to require plaintiffs in civil actions to give security for costs." The first section of the act provides that before any summons shall be issued in a civil action in the district court, there shall be filed in the clerk's office on behalf of the plaintiff a bond, to be approved by the clerk, conditioned that the plaintiff will pay all costs that may accrue in the said action, in case he shall be adjudged to pay them, etc.; and this is followed by two provisos, the last of which is as follows:

"*Provided further*, That in case of non-resident plaintiff or plaintiffs, such plaintiff or plaintiffs may deposit with the clerk of the district court such sum or sums as in the opinion of said clerk will be sufficient to cover all costs in case such non-resident plaintiff or plaintiffs become liable to pay the same; and in the case of resident plaintiff or plaintiffs, such plaintiff or plaintiffs may deposit the sum of fifteen dollars, which sum shall be in lieu of all security for costs as herein and otherwise provided."

The fourth section repeals § 581 of chapter 80, and all acts and parts of acts inconsistent with that act. Sections 582 and 583 of the same chapter relate to and depend upon § 581, and were repealed by the repeal of that section, and if not so repealed they are inconsistent with the provisions of the act of 1875, and were repealed by it.

We think that the words at the close of the first section of the act of 1875, (§ 580*a*, ch. 80, Comp. Laws of 1879,) to wit, "*And in the case of resident plaintiff or plaintiffs, such plaintiff or plaintiffs may deposit the sum of fifteen dollars, which sum shall be in lieu of all security for costs as herein and otherwise provided*," mean, and were intended to mean, that where a resident plaintiff in the suit in the district court has, before the issuance of a summons, deposited with the clerk of that court the sum of fifteen dollars as security for costs, neither he nor his legal representatives or successors in interest can be required to make any further deposit, or give any further security for costs during its pendency in that court. The provisions of § 584, chapter 80, Compiled Laws of 1879, being the

same section and chapter of the General Statutes of 1868, are inconsistent with that part of section one of the act of 1875 last mentioned and quoted, as we construe it, and have no application thereto, or to the suits therein referred to.

The order of the district court requiring the plaintiff in error to give security for costs, and the order dismissing the suit for want of such security, and the entry of judgment against the plaintiff below for costs, are erroneous.  The judgment is reversed, and the cause remanded with instructions to the court below to set aside the order requiring the plaintiff to give security for costs, and for such other proceedings as the case may require.

All the Justices concurring.