J. W. SPERRING v. W. H. HUDSON.

JUDGMENT, *Opened; Order, not Erroneous.* A judgment was obtained
upon service by publication alone. Subsequently, the defendant ap-
plied, under ¿77 of the code, to open up the judgment, and be let in
to defend. The application was allowed, and upon the final trial
judgment was rendered in favor of the defendant and against the
plaintiff. The plaintiff prosecuted his writ of error to the supreme
court, claiming that the application and order to open the judgment
were made after the lapse of three years, and therefore too late. He
attached to his petition in error only a copy of the entries upon the
journal of the district court. These entries show that the final action
in opening the original judgment was taken by the district court
after the lapse of three years from the date of the judgment, but the
court recited in the journal "that the defendant gave due and legal
notice to the plaintiff of his intention to make his application;" and
also recited "that three years had not elapsed since the judgment
was rendered." The application of the defendant and the notice
given by him to the plaintiff were wholly omitted from the record.
*Held,* That upon the record so presented, it does not clearly appear
that the application and notice of the defendant were not filed and
served within three years from the date of the original judgment;
therefore it cannot be said that the order of the district court is er-
roneous.

*Error from Greenwood District Court.*

THE opinion states the case.

*G. P. Smith,* for plaintiff in error; *E. A. Barber,* of counsel.
*Z. Harlan,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On May 4, 1882, the plaintiff obtained in
the district court of Greenwood county a judgment against
the defendant quieting his title to certain real estate in that
county. The only service made was by publication, and there
was no appearance on the part of the defendant. Afterward
the defendant filed his application to have the judgment opened,
and that he be permitted to defend. This application came

up for hearing at the May term of the district court for 1885, and the court made the following order:

"Now on this 6th day of May, 1885, the second day of the May, 1885, term of this court, comes the said defendant, W. H. Hudson, by his attorney, Z. Harlan, and by motion makes application to have the judgment heretofore, to wit, on the 4th day of May, 1882, and at the May, 1882, term of this court, rendered and entered in this action, opened, and to be let in to defend; and it appearing to the court that three years have not yet elapsed since said judgment was rendered, and that the same was rendered against the defendant without other service than by publication in a newspaper; and it further appearing to the court here that the said defendant has given due and legal notice to the said plaintiff of his intention to make said application at this time; and it further appearing to the satisfaction of the court by affidavit and otherwise, that during the pendency of this action the said defendant had no actual notice thereof in time to appear in said court and make his defense, and the said defendant having filed a full answer to the plaintiff's petition in said action, and it appearing from said answer that the said defendant has a just, legal, and sufficient defense to said action, it is therefore ordered and adjudged by the court that the judgment heretofore, to wit, on the 4th day of May, 1882, and at the May, 1882, term of this court rendered and entered herein in favor of said plaintiff and against said defendant, be and the same is hereby opened, and the said defendant let in to defend; and it is further ordered that the said plaintiff demur or reply to said answer on or before the 22d day of May, 1885."

Subsequently the plaintiff filed a motion to vacate and set aside the order of May 6, 1885, but this motion was overruled, and thereupon the plaintiff obtained leave to file a reply to the answer of the defendant on or before June 20, 1885. At the trial upon the merits, on September 7, 1885, the judgment of May 4, 1882, was vacated, and judgment rendered in favor of the defendant for costs. The plaintiff excepted, and brings the case here. He alleges that neither the application of the defendant to have the judgment opened, nor the order of the district court opening the judgment, was made within three years after the date of the judgment of May 4, 1882. The record in this court is in such a condition that we

cannot consider the merits of the question presented. There has been no transcript filed in this court of *all* the proceedings of the district court, and the proceeding is not brought here upon a case-made. The only certificate to the transcript is as follows :

"I, W. S. Robinson, clerk of the district court within and for the county of Greenwood, state of Kansas, do hereby certify that the above and foregoing contains a true, complete and full copy of the entries on journal records in the above-entitled cause, now in my office.

[Seal.]    W. S. ROBINSON, *Clerk District Court.*"

The application of the defendant, and the notice given by him to the plaintiff, are omitted from the record, but the court makes a finding in the journal entry as follows: "That the said defendant has given due and legal notice to the said plaintiff of his intention to make said application at this time;" and in the journal entry it is also recited "that three years have not yet elapsed since the judgment of May 4, 1882, was rendered." It was decided in *Albright v. Warkentin*, 31 Kas. 442, that where the application is made in time, and on account of certain proceedings had no final action is taken by the court to open the judgment, such delay does not necessarily deprive the defendant of his right to have the judgment opened. The record, defective as it is, shows that some proceeding in the case was pending on December 24, 1884, and that a continuance of the matter then pending was had, upon the application of the defendant, until the May term of the court for 1885. To do justice to both parties, the provisions of § 77 of the code should be construed in no technical way, but fairly and reasonably. So, also, the journal entries should be construed to uphold, if possible, the order of the district court. Not being able to say from the record as presented, that the original application and notice were not filed and served within the time, the judgment of the district court will be affirmed.

All the Justices concurring.