## DAVID HARDESTY v. VOLNEY BALL.

POVERTY AFFIDAVIT—*Additional Security for Costs.* Where a plaintiff, in 1883, commenced an action in the district court of the county of his residence, and gave a bond for costs under § 1, ch. 121, Laws of 1875, (§ 581 of Civil Code, Gen. Stat. of 1889,) and subsequently, while continuing to be such a resident, filed a poverty affidavit, and also deposited $15, in lieu of all security for costs, he cannot be required, upon the motion of the defendant, under the provisions of § 581 of the civil code, to give additional security.

*Error from Lincoln District Court.*

THE opinion states the case.

*Garver & Bond,* for plaintiff in error.

*A. H. Ellis,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 5th day of December, 1883, David Hardesty commenced his action against Volney Ball in the district court of Lincoln county to recover damages alleged to have been sustained by reason of the erection of a mill-dam by Ball below the mill and dam of Hardesty, thereby backing the water upon the latter's mill. Hardesty resided in Lincoln county, and filed a bond for costs. He has continued to reside in that county. The action was tried at the March term of the court for 1884, and resulted in a disagreement of the jury. Another trial was had in October, 1884, with like result. At the March term, 1885, the action was again tried before the court with a jury, resulting in a verdict and judgment in favor of Hardesty, which verdict, on motion of the defendant, was set aside, and a new trial granted. A fourth trial was had in October, 1885, in which a verdict was again returned in favor of Hardesty, and judgment rendered in his favor. This judgment was reversed by this court, and the case remanded for a new trial. (*Ball v. Hardesty,* 38 Kas. 540.) On the return of the case to the district court, the defendant, on May 14, 1888, made a motion to require the plaintiff to give additional security for costs. The costs then amounted to $1,200. Upon the hearing of this motion, the court made an order requiring the plaintiff to give additional security for costs in the sum of $1,000 within a time named, and, upon his failure so to do, directed the case to be dismissed. Previous to the making of this order, and before the hearing of the motion, Hardesty made a deposit of $15 as security for costs with the clerk of the court, and also filed his affidavit that he was unable to give further security. After the making of the

order, Hardesty attempted compliance by filing an additional bond for costs with several persons as sureties, who qualified to the requisite amount, one of them being A. G. Hardesty, a son of the plaintiff, and who was a practicing attorney in that county. At the next term of court, the defendant moved to dismiss the case, claiming that the sureties on the bond were insufficient, and objecting to A. G. Hardesty as a surety, because he was a practicing attorney. Upon the hearing of this motion, the plaintiff again presented his affidavit, and also testified orally, that he was unable to further comply with the order of the court; but the court held the security insufficient, and dismissed the case, taxing all the costs to the plaintiff. To all these rulings exceptions were taken.

The provisions of the code which we are required to consider in this matter are as follows:

"SEC. 581. In any civil action hereafter brought in any district court of this state, before the clerk shall issue summons, there shall be filed in his office, by or on behalf of the plaintiff or plaintiffs, a bond, to be approved by the clerk, conditioned that the plaintiff or plaintiffs will pay all costs that may accrue in said action in case he or they shall be adjudged to pay them, or in case the same cannot be collected from the defendant or defendants if judgment be obtained against him, her, or them, that the plaintiff or plaintiffs will pay the costs made by such plaintiff or plaintiffs: *Provided*, That in any case where the plaintiff or plaintiffs having a just cause of action against the defendant or defendants, by reason of his, her, or their poverty, is or are unable to give such security for costs, on affidavit of the plaintiff or plaintiffs made before the clerk that such is the fact, no bond shall be required: *Provided further*, That in case of non-resident plaintiff or plaintiffs, such plaintiff or plaintiffs may deposit with the clerk of the district court such sum or sums as in the opinion of said clerk will be sufficient to cover all costs in case such non-resident plaintiff or plaintiffs become liable to pay the same, and in the case of resident plaintiff or plaintiffs, such plaintiff or plaintiffs may deposit the sum of $15, which sum shall be in lieu of all security for costs as herein and otherwise provided.

"SEC. 582. The affidavit provided for in the preceding sec-

tion shall be in the form following, and attached to the petition, viz.:

"STATE OF KANSAS, ——— COUNTY, ———. In the district court of said county: I (or we) do solemnly swear that the cause of action set forth in the petition hereto prefixed is just, and I (or we) do further swear that, by reason of my (or our) poverty, I (or we) am (or are) unable to give security for costs.

"SEC. 583. Any person or persons willfully swearing falsely in making the affidavit aforesaid, shall, on conviction, be adjudged guilty of perjury, and punished as the law prescribes.

"SEC. 584. In an action in which security for costs has been given, the defendant may at any time before judgment, after reasonable notice to the plaintiff, move the court for additional security on the part of the plaintiff; and if, on such motion, the court be satisfied that the surety has removed from this state or is not sufficient, the action may be dismissed, unless, in a reasonable time, to be fixed by the court, sufficient security be given by the plaintiff."

Section 581 of the civil code was passed by the legislature on March 1, 1875, but it took effect on the 15th day of May, 1875. Section 584 was in force a long time prior to the adoption of said § 581. It appears in the Gen. Stat. of 1868, in chapter 80, page 746, and took effect October 31, 1868. Section 584 must be construed in connection with § 581. Prior to 1875, a resident of the county in which an action was brought was in no case required to give security for costs. (*Carr v. Osterhout*, 32 Kas. 277.) Section 584 of the civil code, prior to 1875, had application only to actions brought by non-residents of the county where the action was commenced, or actions where the plaintiff became a non-resident after the action was commenced. Section 581 has not so broadened or extended its provisions as to include resident plaintiffs who have filed a poverty affidavit or deposited $15 for costs. When the motion was filed, on the 14th of May, 1888, to require Hardesty to give additional security for costs, § 581 was in full force. At that time this action could have been commenced by Hardesty without any security for costs, by his filing a poverty affidavit provided for by § 581 of the civil code, or by his depositing $15 in lieu of all security for costs. (*Carr v. Osterhout*, supra.)

If a poverty affidavit, or a deposit of $15 in lieu of all costs, by a plaintiff was sufficient at the commencement of the action, it ought to be sufficient at any subsequent stage of the proceedings to keep the action in the court. When the motion was made, on the 14th day of May, 1888, to require him to give additional security for costs, he filed both his poverty affidavit and also deposited $15 in lieu of all security for costs. Within the terms of said §§ 581, 582 and 583 of the civil code, the district court ought not to have dismissed the action. He had fully complied with the provisions of said § 581. Said § 584 has application to non-residents, but not to residents who have filed a poverty affidavit or deposited $15 for costs. Therefore it had no application to Hardesty, the plaintiff in this action, and the case must be reïnstated for trial. With this conclusion, it is unnecessary to pass upon the validity of ¶ 476 of Gen. Stat. of 1889, prescribing the qualifications of sureties on official bonds. After his poverty affidavit was filed and the deposit of $15 for costs, Hardesty ought not to have been required to file any additional bond for costs.

The judgment of the district court will be reversed, and the cause remanded for further proceedings, in accordance with the views herein expressed.

All the Justices concurring.