## FRIED v. FIRST NAT. BANK AT STROUD.

No. 8839—Opinion Filed May 28, 1918.

Rehearing Denied Dec. 31, 1918.

(176 Pac. 909.)

1. **Appearance—Judgment — Default Judgment—Vacation—Grounds.**

Where a judgment by default has been rendered without the issuance and service of summons, or upon fatally defective summons or process, the defendant during the term such judgment was rendered may appear by motion and have said default judgment set aside on that ground, and the fact that the defendant's motion contained jurisdictional and nonjurisdictional matters which made the appearance a general appearance does not render the order of the court setting aside the default judgment erroneous.

2. **Costs—Affidavit in Lieu of Costs—Deposit.**

Where a plaintiff files a pauper's affidavit in lieu of making cost deposit or giving cost bond, the court may upon proper application, when it appears that the plaintiff was at the time of the commencement of the action and at the time of the hearing of said application able to make cost deposit or give bond in lieu thereof, make an order requiring the plaintiff to make cost deposit or give security for cost within a reasonable time, and, upon failure of the plaintiff to comply with the order of the court by making cost deposit or giving security for cost, dismiss the action.

(Syllabus by Pryor, C.)

Error from County Court, Lincoln County; H. M. Jarrett, Judge.

Action by A. L. Fried against the First National Bank at Stroud, Okla. Motion to require plaintiff to give security or make deposit for costs was sustained, and on failure to comply therewith, the cause was dismissed and plaintiff brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

Thos. G. Andrews, for defendant in error.

Opinion by PRYOR, C. This action was commenced in the county court of Lincoln county by the plaintiff in error, A. L. Fried. against the First National Bank of Stroud. defendant in error, to recover the sum of

$257.40, as a penalty for usurious interest alleged to have been collected from the plaintiff by the defendant.

On April 19, 1915, a default judgment was rendered in favor of the plaintiff and against the defendant. On the 23d day of April, 1915, at the same term, the defendant filed its motion to vacate said default judgment, and, after stating that the appearance was specially and only for the purpose of objecting to the jurisdiction of the court, set forth three grounds on which the judgment should be vacated: First, that the summons required defendant to answer at an impossible date; second, the president of the bank was within the county and service could have been made upon him; and, third, that the judgment was void because the copy of the summons served did not have indorsed upon it the amount for which judgment would be taken in case of default. And in said motion the defendant asked for an order of the court suspending further proceedings in connection with said judgment pending the determination of the motion. The trial court sustained the motion, set aside the default judgment, and quashed the summons. Another summons was issued and served upon the bank.

At the commencement of the action the plaintiff filed a pauper's affidavit in lieu of cost. The defendant appeared later in said cause and filed motion to require the plaintiff to give security or make deposit for costs. The court sustained the motion and entered an order requiring the plaintiff within 20 days to make deposit to cover the costs or file bond to secure the costs. The plaintiff failed to make the required cost deposit or give cost bond within the time allowed by the court, and the court, upon motion of the defendant, dismissed the cause.

The plaintiff appealed from the judgment of the trial court dismissing said cause.

The assignments of error of plaintiff may be stated: (1) That the court erred in vacating the said default judgment; (2) that the court erred in dismissing said cause on the plaintiff's failure to make cost deposit or give bond in lieu thereof.

As to the first proposition, it is the contention of the plaintiff that the defendant joined in its motion to vacate this default judgment nonjurisdictional matters with jurisdictional matters. Notwithstanding the motion specifically stated that the appearance was a special appearance and for the purpose of objecting to the jurisdiction of the court only, the appearance in effect was a general appearance, and the court acquired jurisdiction of the defendant, and such general appearance cured all defects in the process and the service thereof, and after the plaintiff made a general appearance it was error for the court to vacate and set aside said judgment and quash the summons.

The plaintiff concedes that the summons and service thereof was defective for the reason that the summons required the defendant to answer on an impossible date, and for the further reason that the amount sought to be recovered was not properly indorsed on said summons as required by the statute. This being true, it was prejudicial error for the court to enter default judgment against the defendant without proper service. The judgment being erroneously entered, the defendant might appear generally or specially and ask that said default judgment be set aside. The nature of his appearance made no difference, and he could ask that the judgment be set aside on jurisdictional matters as well as nonjurisdictional matters. Especially it was not error for the trial court to vacate the default judgment at the same term said judgment was rendered.

Conceding that the appearance was general and that the court acquired jurisdiction of the defendant, the fact that it improperly required the plaintiff to issue and serve another summons could not operate to vitiate its judgment vacating the default judgment, and plaintiff having complied with the order requiring him to issue and serve another process, cannot now say that the judgment vacating the default judgment is erroneous and prejudicial for that reason.

As to the second proposition, the dismissing the cause for the reason that the plaintiff had not complied with an order of the court requiring it to make cost deposit or give bond in lieu thereof, the facts are that at the commencement of this action the plaintiff filed a pauper's affidavit in lieu of cost deposit or cost bond. The court granted a hearing on defendant's motion to require plaintiff to make cost deposit or give cost bond, at which both plaintiff and defendant appeared by their lawyers. The evidence amply sustains the finding of the trial court that the plaintiff at the commencement of the suit was able to have made the cost deposit required by the statute and was able at the time of the hearing of the motion to make the deposit.

It is the contention of the plaintiff that the affidavit as to the ability of plaintiff to make cost deposit is conclusive; that, if the affidavit was untrue, then the only action that can be taken in regard thereto is to prosecute the plaintiff for perjury under the statute.

It seems that this statute in this particular has never been construed by this court or the Supreme Court of Kansas, from which state the statute was adopted. The true purpose of this statute plainly is to enable persons who are not able by reason of their poverty to make cost deposit or give security for cost to prosecute a just cause without making cost deposit or giving bond, to the end that the courts of justice shall not be closed against any one on account of his poverty, and its purpose is not to serve one who is willing to make an affidavit that he is unable to make cost deposit or give bond, notwithstanding the fact that he is able to do so. If this statute be construed to mean that the pauper affidavit is conclusive, then any one who is disposed to make such affidavit, regardless of his ability to pay cost or make bond, may prosecute an action at the expense of the county and require the court officials and sheriff to serve without pay. A more salutary construction to be placed on said statute would be that the party's ability to make cost deposit or give bond is open to investigation by the court; that the court may protect itself against fraud and protect the county against unjust expenses, and not require its officers to serve without compensation.

The Supreme Court of Kansas held that. where a party had made deposit, and the cost deposit was exhausted, it was error for the trial court to dismiss the plaintiff's cause of action upon his failure to make additional deposit of cost over the showing of the party that he had become unable to make additional cost deposit since the commencement of the action. Hardesty v. Ball, 46 Kan. 555. 26 Pac. 959.

On the other hand, there seems to be no valid reason why the converse of this rule should not be true. If a party, after the commencement of an action filed on pauper's affidavit, becomes able to make cost deposit or give bond in lieu thereof, there is no reason why he should not be required to pay the cost, or that the suit should be allowed to proceed at the cost of the county.

The only court that has passed on this question. so far as a diligent search of the reports discloses, is the Supreme Court of the state of North Carolina. The holding of that court under a similar statute to ours sustains the foregoing view. Dale v. Presnell, 119 N. C. 489, 26 S. E. 27; also Moyers v. Moyers, 11 Heisk. (Tenn.) 495.

Therefore the trial court committed no error in sustaining the motion of the defendant to dismiss on the failure of the plaintiff to make cost deposit or give bond

in lieu thereof, in accordance with its former order.

The judgment should be affirmed.

By the Court: It is so ordered.