Hill v. Sweet.

No. 22,436.

IRVING HILL and R. E. PROTSCH, on behalf of themselves and all other bondholders of the INTERNATIONAL IMPROVEMENT COMPANY similarly situated, *Appellants,* v. LOU D. SWEET and HARRY R. TROWBRIDGE and THE CONTINENTAL TRUST COMPANY, *Appellees.*

SYLLABUS BY THE COURT.

1. OPENING JUDGMENT—*Notice to Adverse Party—Appearance—Waiver of Notice.* Within three years after the rendition of a judgment upon service by publication, defendants filed an application, which complied with the provisions of section 83 of the code, to open the judgment. The only notice given to the plaintiffs was by summons served upon them notifying them of the filing of the application and stating that unless they entered their appearance and made reply, the judgment would be opened. In the absence of the plaintiffs, the court made an order opening the judgment, and permitted the defendants to file their answer. Subsequently, the plaintiffs appeared specially and asked to have the order set aside on the ground that no notice had been served upon them of the time and place of hearing. The court overruled the motion, and the case was tried on its merits, resulting in a judgment for the defendants. *Held,* that when the plaintiffs appeared in court to contest the opening of the judgment, they waived the necessity for notice.

2. ACCOMMODATION NOTE—*Note Fully Paid.* In an action upon a promissory note, where the defense is that the note was an accommodation note given to a trustee as collateral security for the payment of another note and mortgage, which had been fully paid and discharged,

*held,* for the reasons stated in the opinion, that a general judgment in defendants' favor, being supported by evidence, will not be disturbed.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed April 10, 1920. Affirmed.

*M. A. Gorrill,* and *S. D. Bishop,* both of Lawrence, for the appellants.

*F. S. Jackson,* of Topeka, and *William H. Dickson,* of Denver, Colo., for the appellees.

The opinion of the court was delivered by

PORTER, J.: On September 30, 1912, the plaintiffs brought this action to recover upon a promissory note and attached certain real estate belonging to the defendants, who were nonresidents of the state. Service was by publication only, and judgment was taken by default and the property sold to satisfy the judgment. The sheriff's deed was not issued until September 9, 1914. On April 26, 1915, the defendants filed a verified application under the statute to open up the judgment. A summons was issued and served upon the plaintiffs, notifying them of the filing of the application, affidavits and answer, describing the property affected by the judgment, and stating that unless they entered their appearance and made reply to the answer, the judgment would be opened up. At the time the notice was served the court was in vacation. A term of the court intervened between the filing of the answer and the convening of court in November, 1915. Apparently no attempt was made to call the motion for hearing at the May term. The case was placed on the docket for the November term, and no one appearing on the first day of that term, the court ordered the application stricken from the docket for want of prosecution. On the following day the cause and motion were reinstated upon the request of the defendants, and the court ordered the judgment opened. On December 16, 1915, plaintiffs made what they called a special appearance and moved to have the order set aside and the application stricken from the files, on the ground that the summons did not state facts sufficient in law to justify the court in making the order, and because plaintiffs were not notified of the time and place of the hear-

ing; and because they had no notice of the request to reinstate: the application after it had been dismissed for want of prose-, cution. The court ruled adversely to the plaintiffs on the motion; a reply was filed and the case proceeded to trial, result-. ing in a judgment in favor of defendants for costs, from which plaintiffs appeal.

The first contention is that the summons notifying plaintiffs of the filing of the application was insufficient because there is no provision in the statutes for such a summons; that the application to open a judgment is merely a motion and should be governed by the rules and practice relating to notice, which require that it shall state the time and place where it will be heard. Some reliance is placed upon a statement in the syllabus in *Satterlee v. Grubb,* 38 Kan. 234, 16 Pac. 475, to the effect that "the notice served should state that the application would be heard at a time stated to be within the three years, or as soon thereafter as it could be heard by the court." In that case the filing of the application was all that was done by the defendant within three years from the rendition of the judgment. It was contended that the court lost jurisdiction by reason of the fact that the order was not made until after the three years had expired. It was held, following *Albright v. Warkentin,* 31 Kan. 442, 2 Pac. 614, that the service of the notice, the filing of the answer with an offer to pay costs if required, and the filing of the affidavit of the want of actual notice should all be done within three years after the judgment, and that the notice should fix a time for the hearing of the application within the three years. If matters over which the defendants had no control, such as terms of court fixed by law, absence or sickness of the judge, or for other reasons the hearing was postponed, the court still had jurisdiction. The commissioner's opinion followed *Albright v. Warkentin,* supra, in which it was held that the three things required by the statute are that the applicant give notice, that he file a full answer and, if required by the court, pay all costs, and that he make it appear to the satisfaction of the court by affidavit that during the pendency of the action he had no actual notice in time to appear and make his defense. In the Warkentin case, the application was properly made within the three years; the plaintiff appeared and had the hearing continued to obtain counter

testimony, and the application was not heard until after three years from the judgment. It was held that the delay did not deprive the defendant of the right to have the judgment opened. All that was decided in both of these cases was that notice must be given within the three years. In the Satterlee case the sufficiency of the notice with respect to the time and place was in no sense involved. It was conceded that a sufficient notice was given, the contention being merely that the order opening the judgment could not be made after the expiration of the three years. All the statute requires with respect to notice is that "the applicant shall give notice to the adverse party of his intention to make such an application." (Civ. Code, § 83, Gen. Stat. 1915, § 6974.) The usual and orderly procedure, of course, is for the defendant to notify the plaintiff of the time and place where the hearing will be had; the time fixed must be within the three years; but in this case the plaintiffs appeared within the three years and sought to contest the right to have the judgment opened, and must be held to have waived any irregularities or defects in the notice.

In a case like the present one, where every right which the plaintiffs had was fully protected, technical rules of procedure should be disregarded. When they voluntarily entered their appearance and asked that the order opening the judgment be set aside, they waived the necessity for notice, and ought not to be permitted to make a special appearance upon the ground that the judgment had been opened on a defective notice. Besides, where a judgment has been opened upon a finding that the statute has been complied with, and the case is thereafter fully tried on its merits, the question of how the parties got into court becomes of no importance. A judgment obtained on service by publication only is a judgment *nisi,* or a conditional judgment, which becomes final after three years have elapsed without its being opened up under the statute. (*Albright v. Warkentin,* supra.) The purpose of giving notice is to permit plaintiffs to resist the application and to show that defendants had actual notice of the pendency of the action in time to appear and defend. When the plaintiffs appeared in court to contest the opening of the judgment the court had all the parties before it, and the plaintiffs, if

Hill v. Sweet.

they relied upon actual notice, had an opportunity to show that fact.

In *Wyatt v. Collins,* 105 Kan. 182, 180 Pac. 992, it was held that the defendant may show by oral evidence the want of actual notice, although a strict construction of the language of the statute would require the defendant to show this fact "by affidavit." In the opinion it was said:

"Where a judgment has been opened up at the instance of parties who have, as in the present case, a valid defense, the section of the code should receive a liberal, in place of a narrow technical, construction." (p. 190.)

In *Albright v. Warkentin,* supra, Judge Brewer said the provisions of the statute—

"Should be construed in no technical way, but fairly and reasonably. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can be possibly done consistent with the rights of other parties." (p. 445.)

In the year 1906 the International Improvement Company was a corporation engaged at Denver in the debenture business, issuing its own securities in the form of bonds, and agreeing with the purchasers thereof to deposit with another corporation, transacting a trust business, certain securities as collateral to each issue of bonds. The plaintiffs claimed that the defendants, Sweet and Trowbridge, with certain other stockholders and officers of the improvement company, executed a demand note for $1,500, which was delivered to the trust company as collateral security for certain bonds purchased and held by the plaintiffs. The improvement company subsequently became bankrupt. Before this suit was brought, the plaintiffs and others applied to the trust company to have delivered to them certain securities, including the note in question, which request was refused by the trust company. The defendants claim that the note they signed was an accommodation note executed for the purpose of being held by the trust company as collateral security for the payment of a certain note for $900 given by Ben K. Duffy, which was secured by a mortgage on real estate in the city of Pueblo; and their testimony tended to prove these facts, and also to show that the note for $900 had been paid and all obligations under the

$1,500 note had been satisfied, but that the trust company, into whose hands it had passed, refused to return it to the improvement company or to the makers of the note.

The defendants assert that the testimony taken on the trial was not transcribed, although the abstract sets out considerable testimony on behalf of the plaintiffs and the defendants. So far as appears from the abstract, there was sufficient evidence to sustain the contentions of the defendants. The plaintiffs can hardly claim the rights of persons who have taken accommodation paper without knowledge of its true character, in which case the accommodating party is said to be "bound by his apparent standing on the face of the instrument and cannot claim the privileges of a surety for the real debtor." (8 C. J. § 429.) The note never came into the possession of the plaintiffs, and we must presume that the court found it never came into the possession of a trustee for them; that it was delivered to the trust company solely as accommodation paper, to be held as collateral security for the payment of a particular debt, which has since been satisfied. Such is the effect that must be given to the judgment in defendants' favor; we need not, therefore, follow plaintiffs in their discussion of testimony which they assert justified findings in their favor.

The plaintiffs cite authorities holding that where the directors or stockholders of a corporation indorse its note and the proceeds are paid to it, those who executed the note are not accommodation makers. If the defendants are right in their contention as to the facts, the proceeds of the note sued upon never came into the hands of the improvement company. The note was used as collateral security for a debt which has been satisfied, and it was not given for the benefit of the plaintiffs.

The judgment is affirmed.