## WISE et al. v. DAVIS.

No. 18302. Opinion Filed July 24, 1928.

(Syllabus.)

**Judgment—Motion to Vacate—Right to Relief Where Only Service by Publication.**

A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, is entitled to have the same opened, and be let in to defend, when he complies with the provisions of section 256, C. O. S. 1921. The fact that he may have challenged the validity of the service and the jurisdiction of the court to render any judgment will not justify the denial of his application to have the judgment opened.

Commissioners' Opinion, Division No. 1.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

B. F. Davis obtained default judgment quieting title to real estate, upon service by publication, against the unknown heirs of Echoille Harjo, deceased. Walter Wise et al. filed their application as the unknown heirs of said deceased, as defendants, to have judgment opened and let in to defend. Application denied, and Walter Wise et al. appealed. Judgment reversed and cause remanded.

Pryor & Stokes, J. B. Campbell, and Hugh Murphy, for plaintiffs in error.

Davis & Patterson, Carver & Huser, and Geo. S. Ramsey, for defendant in error.

LEACH, C. This action originated in the district court of Seminole county, wherein B. F. Davis, as plaintiff, who is defendant in error here, filed his petition naming the unknown heirs, executors, administrators, devisees, trustees, and assigns, immediate and remote of Echoille Harjo, Seminole Roll No. 92, deceased, et al., as defendants, and alleged he was the owner and in possession of certain lands (120 acres); that the same was allotted and patented to Echoille Harjo, a full-blood Seminole Indian, who died intestate without issue in the year 1902, named certain persons as heirs of the allottee, and alleged "that by warranty deeds he had obtained the interest from each of the above-named heirs of Echoille Harjo"; that the unknown heirs, executors, administrators, trustees, devisees and assigns, immediate and remote, of Echoille Harjo, were claiming and asserting some right, title and interest in and to the land, the exact nature of which was unknown to plaintiff, that such claim was without legal right, wrongful, and a cloud on plaintiff's title: and prayed that de-

fendants be required to plead their right, title or interest, if any, in and to the lands; that judgment be entered in favor of plaintiff quieting his title; and that defendants be enjoined from asserting or claiming any right, title or interest therein.    Service and notice of suit was had and given in the cause by publication and on July 25, 1925, defendants were adjudged in default, and judgment was entered in favor of plaintiff barring the defendants of all right in the land, and quieting plaintiff's title thereto.    The court found that upon the death of Echoille Harjo, the allottee, he left surviving, as his sole heirs at law, his mother, Hesahoka, his brothers, Ponluste, Tommy, and Whitlow Thlocco; that on the death of Hesahoka, she left surviving her, as her sole heirs, her sons, Ponluste and Tommy, and her grandsons, Jacob Thlocco and Whitlow Thlocco; that the plaintiff had been in the peaceable and exclusive possession of the land since about January 1, 1907, and had obtained warranty deeds to the land from the heirs named.            ,

On February 14, 1927, the plaintiffs in error filed their application in the case to open, vacate, and set aside the judgment and decree, and that they be permitted to defend in the cause, the same being entitled "Application to Open Judgment and Decree"; also filed their answer in the cause, in which application they say they are heirs of Echoille Harjo and the persons denominated in plaintiff's petition as the unknown heirs of Echoille Harjo, deceased; that on the death of the allottee they succeeded to a five-sixths interest in the land described; that they had no notice or knowledge of the pendency of the action for a time more than one year after entry of judgment; that they are full-blood Seminole Indians and do not and many cannot read the papers, and the paper in which the notice of suit was published; that they have a meritorious and bona fide defense to the petition filed in the cause, refer to their verified answer and cross-petition, and state they have made full disclosure of their claims, and offered to pay all costs if the court so order.    The applicants further represent in their motion that the judgment and decree was void for certain reasons appearing on the face of the judgment roll.    The reasons stated in substance, in part were: That the decree was entered 46 days after the filing of the petition in the cause and 44 days after first publication of notice; that no copy of publication was mailed to the heirs of Echoille Harjo, as required; that no proof of mailing of notice and petition was made, approved, or filed in

the cause; that no proof or affidavit was filed showing plaintiff did not know the names and addresses of the heirs of the deceased allottee; that none of the known heirs of the allottee were made parties defendant in the action; that there was no allegation that Echoille Harjo was dead; that the court was without jurisdiction to determine any rights of Hesahoka, Ponluste, Tommy and Whitlow Thlocco.

The plaintiff below, B. F. Davis, filed a response to the application specially and generally denying the allegations contained in the motion, and affirmatively alleged that subsequent to the entry of judgment in the district court, the county court of Seminole county made and entered its decree and determination of heirship of Echoille Harjo, deceased, an uncertified copy of which decree was attached, and alleged that such decree was final and a conclusive bar against the rights of the movants; further alleged that he, plaintiff, had conveyed certain mineral rights and interests in the land involved after rendition of judgment; further alleged that the movants had pleaded both jurisdictional and nonjurisdictional facts in their motion, and thereby validated any defects in the service and judgment rendered.

Movants filed a reply to the response, in which reply they set up a general denial to the response, and allege that certain matters set out in the response are matters of defense to be heard on their merits in the trial of the cause: and further say that they are proceeding under the three-year statute permitting defendants served by publication only to have judgment opened; that application is made solely and only under the right given applicants by virtue of said statute; and renew their prayer that the judgment be opened and they be given their day in court.

Upon a hearing in the matter, the trial court made the following findings and conclusions:

"This is an application by certain parties, designated as the unknown heirs in the original petition, to set aside and vacate a certain decree and judgment of this court entered on the 25th day of July, 1925.    The application to vacate the judgment was filed by the unknown heirs who came in after the rendition of the judgment.    The application to set aside the judgment not only alleges jurisdictional, but nonjurisdictional facts and makes the nonjurisdictional facts an issue outside of the pleadings, and the judgment which was rendered on the 25th day of July, 1925.    By reason of the application to open up the judgment and decree, alleging nonjurisdictional matters, seeking to follow the opinion of Mr. Justice Sharp,

found in the 36th Oklahoma Report, at page 405, and quoting therefrom the following: 'As the motion did not seek to vacate the decree on jurisdictional grounds, but invoked the jurisdiction of the court to exercise its discretion and set aside the decree, the filing of same by defendants constituted a general appearance, a waiver of all defects in the service of process by which the court sought to exercise jurisdiction over their persons, and validated said judgment. * * *'

"Application to vacate the judgment denied"

—and entered judgment accordingly denying the application of movants, from which ruling and action of the court the parties herein named as plaintiffs in error appeal, and set up five assignments of error, which are all in substance embodied in the first assignment, which is: That the judgment denying the application is contrary to law.

The plaintiffs in error say they base their claim to have the original judgment of the district court opened upon the provisions of section 256, C. O. S. 1921, which is in part:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened and be let in to defend"

—and further say: "It is true and we concede that the allegation of nonjurisdictional grounds constitutes a general appearance * * * that the statute requires a general appearance as one of the conditions for opening a judgment," and they admit that having alleged nonjurisdictional grounds in their motion they cannot now urge the jurisdictional grounds in their motion, wherein they assailed the service by publication as defective, but contend that the allegation of nonjurisdictional grounds in their application to open the judgment does not preclude them from the benefits of the provisions of the statute relied upon. In support of such contention, plaintiffs in error cite the following cases: Wall v. Snider, 93 Okla. 97, 219 Pac. 671; Griffin v. Jones, 45 Okla. 305, 147 Pac. 1024; Fried v. First Nat. Bank at Stroud. 74 Okla. 87, 176 Pac. 909; McLaughlin v. Nettleton, 69 Okla. 74, 183 Pac. 416; Morgan v. Stevens, 101 Okla. 116, 223 Pac. 365; and Board of Commissioners of Cheyenne County v. Walter (Kan.) 112 Pac. 599.

Defendant in error, in support of the holding of the court, quotes from a number of decisions of this court which hold that where a defendant alleges nonjurisdictional grounds in his motion to vacate judgment, he will be taken to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived.

Upon examination of the cases cited by defendant in error from this court, we find that in five of the cases personal service of summons was sought or made upon defendants, and in none of those cases did or could the defendant rely upon the provision of section 256, supra. In the case of Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738, cited by defendant in error, the service was by publication and the defendant apparently sought relief under section 4281, Wilson's Ann. Stat. 1903 (sec. 256, C. O. S. 1921); also sought to vacate and set aside the judgment for want of valid service. The record there showed, and it was held, defendant had actual notice of the pendency of the action prior to the rendition of the judgment, and was not entitled to relief under the statute, and as to that part of the motion which attacks the service, the court held defendant not entitled to any relief because of the filing of an answer in the action, thereby waiving all irregularities in the issuance and service by publication.

The case of Hill v. Persinger, 57 Okla. 663, 157 Pac. 744, also cited by defendant in error, was an action to quiet title, in which the known and unknown heirs of a deceased party were defendants, and service had by publication. After judgment, the heirs filed motion to vacate the decree on the grounds the petition did not state facts sufficient to constitute a cause of action; that no legal service of summons or notice was made upon them; that the court had no jurisdiction to enter the decree; and that they had no notice of suit in time to appear and make their defense. The court denied the relief sought on the ground that defendants by pleading nonjurisdictional grounds waived any defects in the service; that the petition was sufficient upon which to render a judgment; and that the defendants were not entitled to relief under the provisions of section 4728, Rev. Laws 1910 (section 256, C. O. S. 1921), because the motion was not made within three years from the date of rendition of the judgment.

In the case of Ziska v. Avey, 36 Okla. 405. 122 Pac. 722, cited and relied upon by the trial court as authority for its holding, the defendant, Ziska, sought to have the judgment set aside and held void because of no service upon him; that the service by publication was void both because of the insufficient affidavit and the insufficient notice

by publication; and further charged that the petition on which the judgment was based did not state a cause of action against him. The motion concluded by asking that the judgment be vacated and defendant permitted to file an answer in said action. It appears in that case, as well as in the others cited by defendant in error, in which personal service of summons was had, that the defendants therein sought to avoid the entire effect of the judgments; that is, to have the judgments vacated and set aside, and that they were not proceeding under the provisions of section 256, supra, to have the judgment opened. The statute requires that the application to open the judgment or order must be made within three years of the date of its rendition; that applicant give notice to the adverse party of his intention to make such an application, file a full answer to the petition, pay all costs if the court so requires, and make it appear to the satisfaction of the court by affidavit, or other evidence, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense.

The court in the Ziska v. Avey Case, supra, did not mention or discuss in any manner the provisions of the statute relating to opening judgments in cases where service was had by publication.

In the case of Durham v. Moore (Kan.) 29 Pac. 472, the court there refused to grant relief under a statute similar to our section 256, supra, because the defendant failed to file a full answer to the petition of the plaintiff.

Among the cases relied upon by plaintiffs in error, as grounds for reversal in this cause, is that of Wall v. Snider, supra, in the syllabus of which it was said:

"Under the provision of section 256, Comp. Stat. 1921, the defendant against whom a judgment is rendered without service other than by publication in a newspaper may at any time within three years have said judgment reopened and be let in to defend upon complying with the terms of said section, that is, filing a full answer, giving the plaintiff notice of the application, offering to pay the costs if the court so requires, and making it appear to the satisfaction of the court that he had no actual knowledge of the pendency of the suit in time to have made his defense. Where such application is made, and when such defendant brings himself within the provision of said section, the trial court has no alternative but to sustain the application and let the defendant in to defend"

—and in the body of the opinion, the case of Albright v. Warkentin, 31 Kan. 442, 2 Pac. 614, is cited, and quotation made from that case, wherein Judge Brewer said:

"Every party ought to have his day in court; and while service by publication, which, in fact, imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can possibly be done consistent with the rights of other parties. The section provides ample protection to third parties dealing with property on the faith of the judgment, and the plaintiff certainly has no right to complain if, within a reasonable time, which by the statute is fixed at three years, the defendant demands an opportunity of litigating with him the justice of the claim. In fact, a judgment upon service by publication is as between the parties, in the nature of a conditional judgment, one which becomes final and absolute only at the expiration of three years, and liable in the meantime to be opened whenever the defendant brings himself within the provisions of the section."

It is said in the syllabus of the case of Griffin v. Jones, supra:

"Assuming that defendants, by filing their motion to vacate the judgment, made a general appearance, such appearance waived only the jurisdiction of the court over them, and did not waive any of the irregularities in the proceedings and judgment which deprived them of a substantial right. Upon the hearing of such motion, if it clearly appeared that such irregularities existed, or that the judgment was unjust and inequitable, it was the duty of the court to vacate said judgment and to hear said cause on the merits."

In the case of Board of Commissioners of Cheyenne County v. Walter (Kan.) supra, the court held that the defendants filed a sufficient affidavit and answer under the code provision for opening up a default judgment upon publication service, and in the body of the opinion said:

"There is a contention that the appellant's application should be treated as one to vacate the judgment rather than to open it up. It is true that the validity of the judgment was challenged because of insufficient notice, but there was a distinct application to have it opened up and to give appellant an opportunity to defend, in which there was a substantial compliance with the statutory requirements. Now, the fact that they ask for more than could be awarded did not justify the refusal of that to which they were entitled. By asking to have the judgment opened up they may have so recognized its validity so as to preclude them from insisting that no judgment had ever been rendered, but it would not deprive them of both remedies nor of the benefit of the

provision which allows a party who has no actual notice of the action an opportunity to come in and set up his rights."

We are of the opinion that, where it appears from the record, such as is shown in the case at bar, that a default judgment has been rendered against a defendant in an action, without other service than by publication in a newspaper, the defendant by complying with provision of section 256, C. O. S. 1921, supra, is entitled to the benefit of such statute notwithstanding the fact that he has embodied in his application and motion nonjurisdictional grounds for relief, and challenged the validity of the service and jurisdiction of the court; that the effect of setting forth nonjurisdictional grounds in the motion is to waive and cure any defects in the service, and thereby preclude the defendant from questioning the jurisdiction of the court. Movants, by asking to have the judgment opened and filing their answers, according to the statute, also recognize the judgment and jurisdiction of the court. We are of the opinion that the trial court did not err in applying the rule announced in the case of Ziska v. Avey, supra, in so far as it related to that part of movants' motion wherein they alleged the judgment was void on account of defective service and want of jurisdiction, but in applying the same rule to the application as a whole, that is, that part seeking relief under and complying with section 259, supra, we think the court did err, because the relief sought thereunder and the statutes relied upon in the two cases were not the same, and therefore the Ziska v. Avey Case is not controlling when applied to the instant case as a whole.

Defendant in error, in support of the judgment of the trial court, says that this court should sustain the judgment of the trial court if such judgment be correct under the law and the facts notwithstanding a wrong reason may be given therefor. In support of such argument, and in line therewith, the defendant in error says that the judgment of the county court of Seminole county determining the heirs of the deceased allottee, Echoille Harjo, is conclusive, and that the judgment of the district court can be opened only on application of an heir as found by the county court; that since the plaintiffs in error are not among those determined by the county court to be heirs of the allottee, then no judgment has been rendered against them; that the decree of the county court shows the plaintiffs in error to have no interest in the matter, and therefore not entitled to the relief sought. The alleged decree of the county court is dated subsequent

to the judgment in the district court, and under the reply of movants, which contained a general denial, it does not appear to be admitted.

It does not appear to us from an examination of the record and the state thereof, that we are here and now justified in sustaining the judgment of the trial court under a theory and upon a ground which seemingly was not considered by the trial court, or, if so considered, then it held adversely to the contention of defendant in error.

The trial court in his findings and conclusions used the following language:

"The application to vacate the judgment was filed by the unknown heirs who came in after the rendition of the judgment."

It is true the signed journal entry of judgment does not set forth the specific findings or conclusions by the court, it being merely stated therein: "The court finds that as a matter of law the application of movants should be denied," but it is clearly apparent from the oral statement of the court shown in the record and herein, that the holding of the court and the denial of the application was based solely upon the legal conclusion that the movants were not entitled to any relief under the provisions of the statute referred to because of their pleading nonjurisdictional grounds.

We do not determine the effect and weight, if any, entitled to be given the alleged decree of the county court of Seminole county in the further hearing of the cause, but we do conclude and hold that, under the state of the record presented, the same does not justify our sustaining the order of the trial court by saying that the same establishes and determines, as a matter of law in the case at bar, that the plaintiffs in error have no interest in the land in question, were not defendants in the trial court, and therefore not entitled to have the judgment opened.

Defendant in error raises a further point as to the sufficiency of the affidavit in the application to show the movants had no actual notice of the suit. There are 44 movants, plaintiffs in error, and the affidavit attached to their motion is signed by one of them, Frank Johnson, The seal of the notary does not appear on the jurat. It is also said that the notary, D. E. Harjo, is the same person as Dave Harjo, one of the movants; however, there is no proof in the record to that effect.

The defendant in error here filed his response to the application, in which no objection was made as to the sufficiency of the

motion on account of the verification, and so far as shown by the record the attention of the trial court was not called to the same.

In the case of Bennett v. Stewart, 131 Okla. 235, 268 Pac. 286, the want of verification of an answer was raised, and in the body of the opinion the court, in discussing the matter, said:

"When the verification of the answer was not called to the attention of the trial court, and the case was tried upon the theory that the verification was had, and no question of the insufficiency was raised in the trial court, and no objection was made to the introduction of evidence to prove or disprove the indorsement of the note, then the statutory requirement was waived"

—and therein called attention to the case of Burford v. Hughes, 75 Okla. 150, 182 Pac. 689. The order of the trial court cannot be sustained upon the second point raised by defendant in error as to the sufficiency of the affidavit.

For the reasons stated, the cause is reversed and remanded, with directions to the trial court to set aside its order denying the plaintiffs in error here relief because of their having alleged nonjurisdictional grounds in their application, and to pass upon and determine the matters and issues otherwise raised under the application, response thereto, and reply.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 34 C. J. p. 426, §675; 15 R. C. L. p. 701.